IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS F. WHITE 1991 TRUST,

    Plaintiff,

  v.

DAVID WILLIAM CONNELL, CBPV, LLC, and ATS LLC,

    Defendants.

No. C 17-03177 WHA

**ORDER RE FEE OBJECTIONS**

On August 31, attorneys for plaintiff Thomas F. White 1991 Trust submitted their bill of costs in connection with the motion to remand (Dkt. No. 39). Defendants' attorney, William Cohan, timely objected (Dkt. No. 42). Among his objections, he argues that plaintiff's attorneys improperly listed projects not related to the motion to remand in their billing narratives, and in doing so made it impossible to tell how much time was allocated to the relevant projects (*id.* ¶¶ 18–19). This objection is without merit. The fifth column in plaintiff's fee chart expressly indicates how much time was allocated to the remand project (*see* Dkt. No. 39 Exh. 2).

Cohan also objects that the arguments plaintiff presented that were not ultimately reached in the order granting its motion to remand should not be included in plaintiff's bill (Dkt. No. 42 ¶ 24). This objection is likewise meritless. Though the order on plaintiff's motion to remand did not reach certain of plaintiff's arguments, plaintiff could not have known that would be the case in advance, and reasonably prepared meritorious arguments available to

meet defendants' unreasonable removal. In hindsight, with the benefit of the order on the motion to remand, plaintiff could have dispensed with its probate exception argument and still prevailed. At the time it drafted this argument, however, it had no way of knowing whether the Court would reach it. Accordingly, attorneys' fees are available for plaintiff's probate exception argument and any other reasonable argument it prepared to meet defendants' unreasonable removal.

Defendants' attorney further objects that certain entries are insufficiently detailed. This objection may have merit for those entries that involve large amounts of time. The more time ascribed to a task, the more detail will generally be required. The Court will leave it to the special master, should the parties be unable to resolve their dispute, to determine if the amount of detail is sufficient to support the time spent on a particular task. The special master will not be required to give plaintiff's attorneys an opportunity to further support their time allocations, though he may, in his discretion, do so.

**IT IS SO ORDERED.**

Dated: September 19, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2